UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>   Defendants. | Civil Action No. 25-3417 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs B.S.R., N.S., and R.S.M. are former and current D.C. residents with pending asylum applications. See ECF No. 1 (Compl.), ¶¶ 3–5. Along with Plaintiff José Escobar Molina, they allege that U.S. Immigration and Customs Enforcement arrested each of them without a warrant and unlawfully detained them for anywhere from ten hours to four weeks. Id. Plaintiffs now bring this class-action lawsuit challenging I.C.E.'s immigration-arrest policy, which they describe as a practice of "indiscriminately arresting without warrants and without probable cause District residents whom [I.C.E.] agents perceive to be Latino." Id. at 1. B.S.R., N.S., and R.S.M. concurrently filed this Motion to proceed pseudonymously, contending that public disclosure of their identities could subject them and their families to retaliation, abuse, and harassment. See ECF No. 2 (Mot.). Relatedly, they also seek leave to file declarations related to their Motion under seal. See ECF No. 10 (Mot. Decl.). The Court will grant both Motions.

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of

1

litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

**II.   Analysis**

At this stage, Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

The first and second factors, taken together, support granting the Motion.  Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal

nature" and "avoid retaliatory physical or mental harm." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). As asylum seekers, Plaintiffs allege that they could face "grave danger" if persecutors in their countries of origin were to learn of their asylum claims through this lawsuit. See Mot. at 4. As this Court has previously recognized, "[P]ublicly associating plaintiffs with the details of their asylum claims put the plaintiffs and their family members in their country of origin at risk of retaliatory physical harm." Asylum Seekers Trying to Assure Their Safety v. Johnson, 2023 WL 417910, at *3 (D.D.C. Jan. 26, 2023) (citing Asylumworks v. Wolf, 2020 WL 13460835, at *8–9 (D.D.C. Dec. 23, 2020)). On the domestic front, Plaintiffs argue that disclosure of their identities and immigration statuses would expose them and their families to potential harassment and intimidation in the United States, citing recent high-profile immigration cases where other litigants have faced similar abuse. Id. at 5–6. In support of these contentions, Plaintiffs have filed declarations detailing the physical harm and harassment they fear will unfold if their involvement in this lawsuit were to be revealed. See ECF Nos. 10-2 (B.S.R. Decl.); 10-3 (N.S. Decl.); 10-4 (R.S.M. Decl.). Because Plaintiffs' lawsuit implicates privacy concerns of a highly sensitive and personal nature, and because disclosure carries a serious risk of harm for Plaintiffs and their families, the Court concludes that the first two factors favor nondisclosure. See Mot. at 4.

As Plaintiffs concede, however, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because none of the Plaintiffs is a minor.

When plaintiffs sue the government, which way the fourth factor cuts depends on the relief that they seek. If they request programmatic relief that would "alter the operation of public

law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified" and this factor cuts against pseudonymity. In re Sealed Case, 971 F.3d at 329. On the other hand, if plaintiffs seek only individualized relief — say, a judgment that their visas were improperly delayed or that they were unlawfully denied government benefits — then this factor favors pseudonymity. Doe v. Blinken, No. 24-1629, ECF No. 3 (Blinken Op.) at 5 (D.D.C. June 11, 2024).

Here, Plaintiffs seek vacatur of Defendants' arrest policies and a declaration that such practices "violate 8 U.S.C. § 1357(a)(2)," which amounts to programmatic relief. See Compl. at 30. Any ruling in their favor would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to" all those who have been or will be subject to Defendants' arrest practices. In re Sealed Case, 971 F.3d at 329.

This case nonetheless presents the "truly exceptional circumstances" that overcome the presumption against pseudonymity even for programmatic relief. See Doe v. Hill, 141 F.4th 291, 300 (D.C. Cir. 2025) ("[T]hose who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity.") (citation omitted). As detailed above, Plaintiffs' participation in this litigation implicates their asylum applications and immigration statuses during a period of intense public scrutiny of immigration matters. The convergence of these privacy interests, concrete safety risks, and the sensitive nature of the underlying personal information creates the type of "truly exceptional circumstances" that courts have recognized may justify pseudonymous litigation even when programmatic relief is sought. Id.

Finally, the last factor — whether letting Plaintiffs proceed pseudonymously would prejudice Defendants — is not implicated because Defendants will know Plaintiffs' identities.

See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion where defendant already knows plaintiff's identity).  Plaintiffs have stated that they "are prepared to disclose their true identities" to the Defendants and the Court under seal.  See Mot. at 7.

In sum, because the factors ultimately weigh in favor of permitting Plaintiffs to proceed pseudonymously, the Court will grant the Motion to Proceed Under Pseudonyms.  Similarly, because Plaintiffs' Declarations include their true names, the Court will also grant their Motion for Leave to File Under Seal.  The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3. Plaintiffs' [10] Motion for Leave to File Document Under Seal is GRANTED and deemed filed; and

4. Within seven days of this Order, Plaintiffs shall file a sealed declaration containing their real names and residential addresses, which Defendants may access.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 1, 2025