IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants*.

No. 25-cv-3417-PLF

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification ("Motion"), any opposition and reply, and the entire record herein,

The Court finding that Plaintiffs are likely to succeed on the merits of their Second Claim for Relief, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order,

And the Court further finding that the proposed class satisfies the requirements of Fed. R. Civ. P. 23 in that the proposed class is sufficiently numerous and satisfies the commonality, typicality, and adequacy requirements; and that Plaintiffs' counsel are qualified to serve as class counsel for the provisionally certified class; and that the proposed class should therefore be provisionally certified for purposes of the preliminary injunction, it therefore is

**ORDERED** that Plaintiffs' Motion is **GRANTED**.

It is further **ORDERED** that the following class is provisionally certified:

**Warrantless Arrest Class**: All persons who, since August 11, 2025, have been or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person is in the United States unlawfully and that the person poses a flight risk.

It is further **ORDERED** that Plaintiffs' counsel from the Amica Center for Immigrant Rights, American Civil Liberties Union Foundation of the District of Columbia, American Civil Liberties Union Foundation, National Immigration Project, Washington Lawyers' Committee for Civil Rights and Urban Affairs, and Covington & Burling, LLP, are hereby provisionally appointed as counsel for the provisionally certified Plaintiff Classes.

It is further **ORDERED** that Defendants' policy and practice of making warrantless immigration arrests in this District without a pre-arrest individualized determination of probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained is stayed pursuant to 5 U.S.C. § 705.

It is further **ORDERED** that:

1. Defendants and their agents are enjoined from making warrantless immigration arrests in this District unless, pre-arrest, the arresting agent has probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii).

2. Any agent of Defendants who conducts a warrantless immigration arrest in this District **SHALL** comply with all requirements set forth in DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2).

3. Any Defendant or their agent who conducts a warrantless arrest in this District **SHALL**, as soon as practicable, document the facts and circumstances surrounding a warrantless immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to

believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2): "that the alien was arrested without a warrant"; "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the alien's ties to the community, if known at the time of arrest, including family, home, or employment . . ."; and "the specific, particularized facts supporting the conclusion that the alien was likely to escape before a warrant could be obtained." The documentation **SHALL** include the date and time that the agent made the pre-arrest determination of probable cause, the date and time of the arrest, and the date and time the agent completed the documentation.

4. Any agent of Defendants **SHALL NOT** use boilerplate or copy-and-pasted language when describing the individualized assessment of flight risk in the documentation ordered above.

5. **Within 30 days and every 30 days thereafter** until this litigation is terminated or the Court rules otherwise, Defendants **SHALL** release to Plaintiffs' counsel the documentation describing Defendants' and their agents' warrantless immigration arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request.

It is further **ORDERED** that this injunction shall be effective upon service on the Defendants, and a bond in the amount of $1 shall be required.

**SO ORDERED.**

Date: _____   _____
                                              PAUL L. FRIEDMAN
                                              United States District Judge