IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *individually and on behalf of all others similarly situated*<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-3417-PLF |

**PLAINTIFFS' CONSENT MOTION FOR NON-PLAINTIFF DECLARANTS TO PROCEED UNDER PSEUDONYMS**

## INTRODUCTION

Plaintiffs respectfully seek leave for 16 non-Plaintiff declarants, who are submitting declarations in support of Plaintiffs' motions for preliminary injunction and class certification, to proceed under pseudonyms in this action. Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel about this motion, and Defendants' counsel stated that Defendants consent to the relief sought in this motion "without prejudice to the government's ability to seek disclosure of those declarant's identities as necessary at the appropriate time." Plaintiffs reserve all rights to protect these declarants' identities from Defendants in any future stage of this litigation, including by seeking a protective order.

Plaintiffs bring this lawsuit as a putative class action to challenge Defendants' policy and practice of making warrantless immigration arrests without probable cause in Washington, D.C. To demonstrate the impact of this policy and practice on the putative class, in addition to their own declarations, Plaintiffs have attached numerous declarations to their motion seeking preliminary injunctive relief. These declarants are neither plaintiffs in, nor parties to, this lawsuit. Most are putative class members who have experienced warrantless immigration arrests without an individualized assessment of probable cause, as required by 8 U.S.C. § 1357(a)(2), and are likely to be subject to future arrests under the same or similar circumstances. Their declarations describe the circumstances of their arrests and the impact the arrests have had on their lives.

Of these declarants, 16 have used pseudonyms to identify themselves in their declarations ("Pseudonymous Declarants").[1] These declarants wish to proceed pseudonymously

---

[1] The Pseudonymous Declarants are Anamaria Doe, Andrés Doe, Antony Doe, B.R.G., C., Camilo Doe, Cristina Doe, Elias Doe, Franco Doe, Javier Doe, Julio Doe, Luz Doe, M.P., Mateo Doe, W.G.M., and Y.R.M. Their declarations were attached to Plaintiffs' Motion for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification. ECF No. 17.

for several reasons, including fear that their identities will be revealed to their persecutors in their countries of origin as they seek asylum in the United States, and fear that they and their families will be publicly harassed because of their participation in this lawsuit. Since Pseudonymous Declarants are not parties to the lawsuit, Defendants are not prejudiced by their anonymity; indeed, they have consented.

## LEGAL STANDARD

There is generally a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (cleaned up). However, district courts have broad discretion to permit parties to proceed anonymously when a court determines that "'the impact of the plaintiff's anonymity' outweighs 'the public interest in open proceedings and on fairness to the defendant.'" *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 33 (D.D.C. 2017) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)).

Prejudice to defendants is generally less significant, and the public interest in knowing the identities of litigation participants is further diminished, when the individuals seeking to proceed anonymously are not parties to the lawsuit. In these circumstances, this Court has allowed non-plaintiff declarants to proceed pseudonymously. *See, e.g.*, *Nat'l Ass'n for the Advancement of Colored People v. Trump*, 298 F. Supp. 3d 209, 240 n.24 (D.D.C. 2018); Minute Order, *Arab Student Union of Jackson-Reed High School v. District of Columbia*, 1:24-cv-1195 (D.D.C. Apr. 30, 2024).

When evaluating motions to proceed pseudonymously, whether for plaintiffs or non-plaintiff declarants, courts generally consider:

(1) whether the justification asserted by the requesting party is merely to avoid the

3

    annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 931 F.3d at 97. Under *In re Sealed Case,* the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a balancing test. *Id*. at 96. In essence, courts "'carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield' to the plaintiff's request for anonymity." *Doe v. U.S. Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

## ARGUMENT

    The balance of the *In re Sealed Case* factors strongly favors allowing Pseudonymous Declarants to proceed pseudonymously in this case, similar to the Court's conclusion on these factors when it granted certain Plaintiffs' motion to proceed pseudonymously. ECF No. 13 (Boasberg, C.J.).

    The first two factors, independently and taken together, favor granting this motion. The anonymity of Pseudonymous Declarants is necessary to protect their highly sensitive and personal information, and their public identification poses a risk of retaliatory physical or mental harm. For the same reasons three Plaintiffs sought and were granted permission to proceed pseudonymously, *see* ECF No. 13 (Boasberg, C.J.), Pseudonymous Declarants seek to prevent their identities from becoming known to members of the public who may seek to harm them. Like the three pseudonymous Plaintiffs, several of the Pseudonymous Declarants have pending asylum or related applications and therefore fear that, if their identities were to become public, their persecutors from

4

whom they fled would discover their locations. *See, e.g.*, Declaration of Luz Doe ¶ 17; Declaration of Franco Doe ¶ 9; Declaration of Mateo Doe ¶ 14. Moreover, many of the declarants fear public harassment as a result of their participation, which has unfortunately happened to participants in recent immigration-related lawsuits. *See, e.g.*, Declaration of Anamaria Doe ¶ 11; Declaration of Elias Doe ¶ 10; Declaration of C. ¶ 13. This Court should find that these factors weigh in favor of anonymity for Pseudonymous Declarants, just as the Court did for the three pseudonymous Plaintiffs. *See* ECF No. 13 at 3 (Boasberg, C.J.). Indeed, these factors are particularly weighty for Pseudonymous Declarants, who should not be exposed to harm and retaliation simply for offering a declaration in a case to which they are not a party. *In re Sealed Case*, 931 F.3d at 97 (considering "even more critically" the impact on "innocent non-parties").

The third factor is inapplicable because none of the declarants is a minor.

The fourth factor, like the first two, favors anonymity. Though this lawsuit seeks programmatic relief that would protect both Plaintiffs and Pseudonymous Declarants, who are putative class members, their situations present "the truly exceptional circumstances that overcome the presumption against pseudonymity even for programmatic relief." ECF No. 13 at 4 (internal quotations omitted) (Boasberg, C.J.). As the Court recognized in granting the motion for the pseudonymous Plaintiffs, "[t]he convergence of these privacy interests, concrete safety risks, and the sensitive nature of the underlying personal information" justify allowing Pseudonymous Declarants to use pseudonyms or initials in this case. *Id.* (Boasberg, C.J.).

The fifth factor, prejudice to the defendants, also weighs in favor of granting the motion. Here, Defendants have consented to the motion and have not identified any potential prejudice to them. *Nat'l Ass'n for the Advancement of Colored People*, 298 F. Supp. 3d at 240 n.24 (treating unopposed motion to proceed under pseudonym as conceded). The real parties-in-interest—

Plaintiffs Escobar Molina, B.S.R., N.S., and R.S.M.—are fully identified to Defendants, allowing them to thoroughly investigate their factual allegations. The non-Plaintiff declarations provide additional examples of and context for Defendants' policy and practice of carrying out warrantless arrests without an individualized assessment of probable cause as required by law. Accordingly, Pseudonymous Declarants' interest in pseudonymity outweighs any prejudice to Defendants.

In consenting to this motion, Defendants clarified that they may "seek disclosure of those declarant's identities as necessary at the appropriate time." Plaintiffs reserve all rights to protect Pseudonymous Declarants' identities from Defendants in any future stage of this litigation, including by seeking a protective order.

## CONCLUSION

The relevant factors weigh in favor of allowing Pseudonymous Declarants to proceed via pseudonyms. Therefore, Plaintiffs ask this Court to grant the motion and allow Pseudonymous Declarants to proceed pseudonymously in this action, subject to any future motions from Defendants and orders from this Court.

October 3, 2025

*s/ Adina Appelbaum*
Adina Appelbaum (D.C. Bar No. 1026331)
Ian Austin Rose (Md. Bar No. 2112140043)
Samantha Hsieh (Va. Bar No. 90800)[**]
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
austin.rose@amicacenter.org
sam@amicacenter.org

*s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Scott Michelman (D.C. Bar No. 1006945)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA**
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
smichelman@acludc.org

Kathryn Huddleston (TEx. Bar No. 24121679)[*++]
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
khuddleston@aclu.org

*s/ Sirine Shebaya*
Sirine Shebaya (D.C. Bar No. 1019748)
Yulie Landan (Cal. Bar No. 348958)[*+]
Bridget Pranzatelli (D.C. Bar No. 90029726)
**NATIONAL IMMIGRATION PROJECT**
1763 Columbia Road NW, Suite 175
Washington, D.C. 20009
(213) 430-5521
sirine@niplg.org
yulie@nipnlg.org
bridget@nipnlg.org

Respectfully submitted,

*s/ Jehan A. Patterson*
Jehan A. Patterson (D.C. Bar No. 1012119)
Chris Kimmel (D.C. Bar No. 1047680)[***]
Alexandra Widas (D.C. Bar No. 1645372)[***]
Hassan Ahmad (D.C. Bar No. 1030682)[***]
Sean Berman (D.C. Bar No. 90026899)
Austin Riddick (D.C. Bar No. 90018117)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
jpatterson@cov.com
ckimmel@cov.com
awidas@cov.com
hahmad@cov.com
sberman@cov.com
ariddick@cov.com

Eva H. Lilienfeld (N.Y. Bar No. 6143085)[**]
Graham Glusman (N.Y. Bar No. 6099535)[**]
**COVINGTON & BURLING LLP**
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
elilienfeld@cov.com
gglusman@cov.com

*s/ Madeleine Gates*
Madeleine Gates (D.C. Bar No. 90024645)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, #400
Washington, D.C. 20005
(202) 319-1000
madeleine_gates@washlaw.org

*s/ Ama Frimpong*
Ama Frimpong (D.C. Bar No. 1602444)[*]
**CASA, INC.**
8151 15th Avenue
Hyattsville, MD 20783
(240) 485-8844
afrimpong@wearecasa.org

7

*Attorneys for Plaintiffs*

[*]*Motion for Admission* pro hac vice *forthcoming.*
[**]*Motion for Admission* pro hac vice *pending.*
[***]*Petition for Admission pending.*

[+]*Not Admitted in D.C.; working remotely from N.Y. and admitted in Cal. only*
[++]*Not Admitted in D.C.; working remotely under supervision of D.C. Bar member, practice limited to federal courts in D.C., and admitted in Ariz. and Tex. only.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  I certify that this motion will also be served on counsel for Defendants via e-mail, in accordance with Federal Rule of Civil Procedure 5(b).

Dated: October 3, 2025                                      Respectfully submitted,

                                                              *s/ Jehan A. Patterson*
                                                              Jehan A. Patterson (D.C. Bar No. 1012119)
                                                              **COVINGTON & BURLING LLP**
                                                              One CityCenter
                                                              850 Tenth Street NW
                                                              Washington, D.C. 20001
                                                              (202) 662-6000
                                                              jpatterson@cov.com

                                                              *Attorney for Plaintiffs*