# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSÉ ESCOBAR MOLINA, *individually and on behalf of all others similarly situated*

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants*.

No. No. 25-cv-3417 (PLF)

## DECLARATION OF ADITI SHAH IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Aditi Shah, declare as follows:

1. I am over 18 years old and make this declaration based on my personal knowledge of the matters described.

2. I am a member of the bar of this Court, as well as the bars of the District of Columbia, New York, the Supreme Court of the United States, the U.S. Court of Appeals for the District of Columbia and Seventh Circuits, and the U.S. District Court for the State of New York. I am one of the attorneys for the Plaintiffs in this matter.

3. I graduated *cum laude* from Harvard Law School, where I worked for Professor William B. Rubenstein, a leading national expert on class action law, on class actions and complex litigation for which he was hired as an expert consultant, including on the National Prescription Opiate Litigation (MDL 2804). I also worked on updates to Professor Rubenstein's treatise, *Newberg and Rubenstein on Class Actions*, and on his scholarship

1

on class action law.

4.  After graduating from law school, I completed a federal appellate clerkship and a federal district court clerkship.  In between my clerkships, I completed a fellowship at the ACLU National Prison Project, where I served as counsel on class actions challenging conditions of confinement in immigration detention centers, prisons, jails, and in juvenile detention, including *Castañeda Juarez v. Asher*, No. 20-cv-700 (W.D. Wash. 2020) (class action on behalf of people in immigration detention facility); *Coreas v. Bounds*, No. 20-cv-780 (D. Md. 2020) (same); *Fenty v. Penzone*, No. 2:20-cv-01192 (D. Ariz. 2020) (class action on behalf of people in jails in Maricopa County, AZ); *RomeroLorenzo v. Koehn*, No. 2:20-cv-00901 (D. Ariz. 2020) (class action on behalf of people under the custody of the U.S. Marshals Service at the Central Arizona Florence Correctional Complex); *Alex A. v. Edwards*, No. 22-cv-00573 (M.D. La. 2022) (class action on behalf of children in the custody of the Louisiana Office of Juvenile Justice).

5.  Following my district court clerkship, I joined the law firm Holwell Shuster & Goldberg as an associate, where I worked on complex civil cases, including a federal securities lawsuit, a breach-of-contract case, an antitrust case, and a Hague Convention appeal in the Seventh Circuit.  I also worked on the reply brief in support of the petition for certiorari in *Waetzig v. Halliburton*, No. 23-971, which the Supreme Court granted, and I worked on the merits briefing for petitioner in that case in my personal capacity after leaving the firm. On February 26, 2025, the Supreme Court unanimously ruled in our favor.

6.  I joined the American Civil Liberties Union of the District of Columbia ("ACLU-DC") in September 2024.  Since then, I have served as counsel in several putative or certified class

actions, including *K.Y. v. District of Columbia* (No. 1:24-cv-03056); *Crowe v. Federal Bureau of Prisons* (No. 1:24-cv-03582); *Kingdom v. Trump* (No. 1:25-cv-00691); *J.G.G. v. Trump* (No. 1:25-cv-00766), as well as in the non-class action immigrants' rights case *Make The Road New York v. Noem* (No. 1:25-cv-001901).  In *Kingdom*, I was appointed class counsel after successfully arguing the motion for class certification.

7.  My colleague Scott Michelman is a member of the bar of this Court, as well as the bars of the District of Columbia, California (inactive status), the Supreme Court of the United States, the U.S. Courts of Appeals for the District of Columbia, Second, Third, Fourth, Sixth, Seventh, Ninth, Tenth and Federal Circuits, and the U.S. District Courts for the Northern District of Columbia and the Eastern and Western Districts of Michigan. Mr. Michelman is one of the attorneys for the Plaintiffs in this matter.

8.  Mr. Michelman graduated *magna cum laude* from Harvard Law School in 2004. After a federal appellate clerkship, he has been a litigator since 2005, primarily in the field of civil rights.

9.  Mr. Michelman has worked at the American Civil Liberties Union of the District of Columbia since 2016 and has been its legal director or co-director since 2018. From 2011 to 2016, he practiced at Public Citizen Litigation Group, where class actions under Rule 23 were one of his major practice areas.

10. Mr. Michelman has represented class plaintiffs in a number of class action proceedings in the federal courts of appeals and at the U.S. Supreme Court, including victories as counsel of record in *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) (holding that predominance inquiry could be satisfied by representative proof in wage-and-hour class

3

action and that plaintiff class had been properly certified), and as lead counsel in *Roach v. T. L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015) (holding that individualized damages determinations alone cannot preclude class certification under the predominance inquiry and vacating the denial of class certification).

11. Mr. Michelman was among class counsel for successful plaintiffs in *J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019) (class action on behalf of unaccompanied minor immigrants denied access to abortions; injunctive relief and class certification largely affirmed on appeal), and in *Banks v. Booth*, 468 F. Supp. 3d 101 (D.D.C. 2020) (granting preliminary injunction requiring D.C. Department of Corrections to improve conditions of confinement to address threat of COVID-19; class settlement later approved, April 2022). Mr. Michelman was also lead counsel for the plaintiff and putative class in *Hinton v. District of Columbia*, 567 F. Supp. 3d 30 (D.D.C. 2021); although a class was never certified, the case was settled for substantial policy changes benefiting members of the putative class. Mr. Michelman was among counsel for the putative plaintiff class in *Costa v. Bazron*, 464 F. Supp. 3d 132 (D.D.C. 2020) (suit on behalf of residents of Saint Elizabeths Hospital challenging repeated failure to adopt constitutionally adequate emergency response plans for health emergencies, including COVID-19 pandemic); although a class was never certified, the Court granted a preliminary injunction requiring conditions improvements that benefited all putative class members, and the parties ultimately settled on terms that required policy changes that benefited all putative class members.

12. Mr. Michelman currently represents certified classes in *Mathis v. U.S. Parole Comm'n*, 749 F. Supp. 3d 8 (D.D.C. 2024) (granting preliminary injunction requiring two federal

agencies to grant accommodations to individuals with disabilities who are on parole or supervised release), *class cert. granted sub nom. Davis v. U.S. Parole Comm'n*, No. 1:24-CV-01312 (TNM), 2025 WL 457779 (D.D.C. Feb. 11, 2025), and in *Black Lives Matter D.C. v. United States*, 775 F. Supp. 3d 241 (D.D.C. 2025) (granting class certification for damages action concerning law enforcement assault on civil rights demonstrators near Lafayette Square in June 2020). He is also among class or putative class counsel in the *K.Y.*, *Crowe*, and *J.G.G.* matters discussed above.

13. Each spring semester beginning in 2015, Mr. Michelman has been appointed Shikes Fellow in Civil Liberties and Civil Rights and Lecturer on Law at Harvard Law School, where he has taught the upper-level course Civil Rights Litigation for 11 years.

14. Mr. Michelman is the author of the law school textbook Civil Rights Enforcement, now in its Second Edition (Aspen 2023). The Third Edition is scheduled for publication in September 2026.

15. I believe that Mr. Michelman and I will fairly and adequately represent the interests of the class proposed to be certified in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on October 3, 2025.

*/s/ Aditi Shah*
Aditi Shah

5