IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-3417 (BAH) |

**PLAINTIFFS' NOTICE OF FILING REVISED PROPOSED ORDERS FOR PLAINTIFFS' MOTIONS FOR A PRELIMINARY INJUNCTION, TO STAY AGENCY ACTION, AND FOR PROVISIONAL CLASS CERTIFICATION (ECF 17) AND CLASS CERTIFICATION (ECF 19)**

Pursuant to the November 19, 2025 hearing before this Court, Plaintiffs respectfully submit the attached revised proposed orders for Plaintiffs' motions for a preliminary injunction, to stay agency action, and for provisional class certification (hereinafter, "motion for a preliminary injunction") (ECF 17) and class certification (ECF 19). Counsel for the parties conferred on Plaintiffs' revised proposed order for the motion for a preliminary injunction via a teleconference call that concluded at 3PM. Thereafter, Plaintiffs' counsel provided Defendants' counsel with a redline version of that document, which counsel for Defendants promptly shared with the agencies to seek their input. At the time of Defendants' counsel's 4:30PM e-mail to Plaintiffs' counsel, the agencies have not been able to provide a position and, therefore, counsel for Defendants cannot provide a position on Plaintiff's revised proposed order for the motion for a preliminary injunction at this time.

The revised proposed order for Plaintiffs' motion for a preliminary injunction addresses

1

this Court's questions with respect to the scope of the requested relief in three ways. First, Plaintiffs have modified the scope of the requested injunction to apply against Defendants' unlawful policy, such that the revised requested injunction is: "Defendants and their agents are PRELIMINARILY ENJOINED from *enforcing their policy and practice* of making warrantless civil immigration arrests in this District without a pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii)." Ex. 1 at 2 (emphasis added). Such injunctions are commonplace in this Court and in other courts. *See, e.g.*, *Talbott v. United States*, 775 F. Supp. 3d 283, 334 (D.D.C. 2025) (defendants are "preliminarily enjoined, pending further order of this Court, from implementing Executive Order"); *Holt v. Hobbs*, 571 U.S. 1019, 1019 (2013) ("Respondents are enjoined from enforcing the Arkansas Department of Correction's grooming policy to the extent that it prohibits applicant from growing a one-half-inch beard in accordance with his religious beliefs."). This revised language also makes clear that Defendants will be in violation of this Court's order only if they continue to carry out their unlawful policy. Accordingly, *de minimis* or isolated instances of agents failing to make a pre-arrest individualized determination of probable cause for flight risk would not suffice to constitute a violation of the order.

Second, Plaintiffs have added an enforcement section to their proposed order that includes a detailed meet-and-confer process, which requires, *inter alia*, (1) Plaintiffs to notify Defendants in writing of specific compliance issues if Plaintiffs have a reasonable basis to believe that Defendants are in substantial noncompliance with one or more provisions of the Order; and (2) the parties to seek to resolve the dispute in good faith during a fourteen-day period before Plaintiffs may seek intervention from the Court by filing a motion to enforce the specific provision(s) for

which Defendants are in substantial noncompliance.  The settlement agreement in *Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757 (N.D. Ill. Dec. 18, 2018), ECF 155-1 at 28-29 included a similar meet-and-confer process prior to the plaintiffs being able to move the Court to enforce the agreement.  In the three-and-a-half years since the settlement agreement in *Castañon Nava* went into effect,[1] the plaintiffs in that case have only moved to enforce the agreement once—in March of this year.

Third, the documentation and reporting requirements Plaintiffs have added to the revised proposed order are designed to reduce the likelihood that Defendants will violate the injunction.  The documentation requirements in paragraph three of Plaintiffs' proposed order are the same as the requirements Defendants previously committed to under the Broadcast Statement of Policy, issued pursuant to the settlement agreement in *Castañon Nava*, with the added specificity that "Defendants shall not use boilerplate language" to mitigate the risk of false documentation.  Ex. 1 at 2.  Courts have included such documentation and reporting requirements in preliminary injunction orders.  *See, e.g.*, *Melendres v. Arpaio*, 784 F.3d 1254, 1266 (9th Cir. 2015) (affirming injunction requiring, *inter alia*, the development of a system that collected traffic stop data, including audio and video recordings); *United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 743 (E.D. Cal. 2025) (preliminary injunction order required defendants to document facts of arrests similar to the documentation requests in Plaintiffs' proposed order here); *Floyd v. City of New York*, 959 F. Supp. 2d 668, 682, 689 (S.D.N.Y. 2013) (preliminary injunction order required NYPD to begin documenting the bases for stops in narrative form).

Moreover, the possibility of being held in contempt for violating the order provides a strong incentive to Defendants to comply with the terms of the injunction.  *See Phillips v. Mabus*, 894 F.

---

[1] The agreement took effect on May 13, 2022.

3

Supp. 2d 71, 91 (D.D.C. 2012) ("An order granting injunctive relief is enforceable by the district court's power of contempt."). If, notwithstanding the safeguards in place in the modified proposed order, including the documentation and meet-and-confer requirements, the parties are unable to resolve a dispute and Plaintiffs "prove[] by clear and convincing evidence" that Defendants have violated the injunction, *Armstrong v. Executive Office of the President, Office of Admin.,* 1 F.3d 1274, 1289 (D.C. Cir. 1993) (per curiam), Defendants may be held in civil contempt. *See Potter v. District of Columbia*, 126 F.4th 720, 723 (D.C. Cir. 2025) ("Civil contempt serves 'to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled.'") (quoting *Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 328 (1904)).

Finally, for purposes of clarity, Plaintiffs have modified the proposed provisional class definition in the revised proposed order to encompass only individuals for whom Defendants did not make a pre-arrest, individualized assessment of probable cause as to flight risk. Plaintiffs have also revised the proposed class certification order to request certification of the broader "Warrantless Arrests Class" (for which all four individual Plaintiffs can serve as adequate class representatives because the proposed definition encompasses individuals for whom agents have not made a probable cause assessment as to *both* required prongs of 8 U.S.C. § 1357(a)(2)) as well as the two subclasses, one for the "Immigration Status Subclass" and one for the "Flight Risk Subclass," with Mr. Escobar Molina as the proposed class representative for the Immigration Status Subclass and all four individual Plaintiffs as the proposed class representatives for the Flight Risk Subclass.[2]

---

[2] In the complaint, Plaintiffs proposed that B.S.R. also serve as a class representative for the "Immigration Status Subclass." ECF 1 at 29. Plaintiffs maintain that the evidence submitted with their motion for a preliminary injunction shows that the agents did not make an individualized

November 20, 2025

*s/ Adina Appelbaum*
Adina Appelbaum (D.C. Bar No. 1026331)
Ian Austin Rose (Md. Bar No. 2112140043)
Samantha Hsieh (Va. Bar No. 90800)[*]
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
austin.rose@amicacenter.org
sam@amicacenter.org

*s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Scott Michelman (D.C. Bar No. 1006945)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA**
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
smichelman@acludc.org

Kathryn Huddleston (Tex. Bar No. 24121679)[**++]
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
khuddleston@aclu.org

*s/ Sirine Shebaya*
Sirine Shebaya (D.C. Bar No. 1019748)
Yulie Landan (Cal. Bar No. 348958)[**+]
Bridget Pranzatelli (D.C. Bar No. 90029726)
**NATIONAL IMMIGRATION PROJECT**
1763 Columbia Road NW, Suite 175
Washington, D.C. 20009
(213) 430-5521

Respectfully submitted,

*s/ Jehan A. Patterson*
Jehan A. Patterson (D.C. Bar No. 1012119)
Chris Kimmel (D.C. Bar No. 1047680)
Alexandra Widas (D.C. Bar No. 1645372)
Hassan Ahmad (D.C. Bar No. 1030682)
Sean Berman (D.C. Bar No. 90026899)
Austin Riddick (D.C. Bar No. 90018117)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
jpatterson@cov.com
ckimmel@cov.com
awidas@cov.com
hahmad@cov.com
sberman@cov.com
ariddick@cov.com

Eva H. Lilienfeld (N.Y. Bar No. 6143085)[*]
Graham Glusman (N.Y. Bar No. 6099535)[*]
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001
(212) 841-1000
elilienfeld@cov.com
gglusman@cov.com

*s/ Madeleine Gates*
Madeleine Gates (D.C. Bar No. 90024645)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, #400
Washington, D.C. 20005
(202) 319-1000
madeleine_gates@washlaw.org

*s/ Ama Frimpong*
Ama Frimpong (D.C. Bar No. 1602444)[**]
**CASA, INC.**

---

determination of probable cause for B.S.R.'s immigration status prior to arresting him, *see* ECF 17 at 7–8, but no longer propose that he serve as a class representative for the Immigration Status Subclass to avoid any unnecessary complication given that one class representative is sufficient.

sirine@niplg.org
yulie@nipnlg.org
bridget@nipnlg.org

8151 15th Avenue
Hyattsville, MD 20783
(240) 485-8844
afrimpong@wearecasa.org
*Attorneys for Plaintiffs*

[*]*Admitted* pro hac vice.
[**]*Motion for Admission* pro hac vice *forthcoming.*

[+]*Not Admitted in D.C.; working remotely from N.Y. and admitted in Cal. only*
[++]*Not Admitted in D.C.; working remotely under supervision of D.C. Bar member, practice limited to federal courts in D.C., and admitted in Ariz. and Tex. only.*

6