IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-3417 (BAH) |

**[REVISED PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification ("Motion"), opposition and reply, and the entire record herein,

The Court finding that Plaintiffs are likely to succeed on the merits of their Second Claim for Relief, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order,

And the Court further finding that the proposed class satisfies the requirements of Fed. R. Civ. P. 23 in that the proposed class is sufficiently numerous and satisfies the commonality, typicality, and adequacy requirements; and that Plaintiffs' counsel are qualified to serve as class counsel for the provisionally certified class; and that the proposed class should therefore be provisionally certified for purposes of the preliminary injunction, it therefore is

**ORDERED** that Plaintiffs' Motion is GRANTED.

It is further **ORDERED** that the following class is provisionally certified:

**Flight Risk Class**: All persons who, since August 11, 2025, have been or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a flight risk.

It is further **ORDERED** that Plaintiffs' counsel from the Amica Center for Immigrant Rights, American Civil Liberties Union Foundation of the District of Columbia, American Civil Liberties Union Foundation, National Immigration Project, Washington Lawyers' Committee for Civil Rights and Urban Affairs, and Covington & Burling, LLP, are hereby provisionally appointed as counsel for the provisionally certified Plaintiff Classes.

It is further **ORDERED** that Defendants' policy and practice of making warrantless civil immigration arrests in this District without a pre-arrest individualized determination of probable cause to believe that the person being arrested is likely to escape before a warrant can be obtained is stayed pursuant to 5 U.S.C. § 705.

It is further **ORDERED** that:

1. Defendants and their agents are PRELIMINARILY ENJOINED from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii).

2. Defendants shall, within 72 hours of the issuance of this Order, transmit a copy of this Order to Defendants' officers, employees, agents, and contractors who have responsibilities related to the subject matter of this Order.

**Documentation and Reporting**

3. Any Defendant or their agent who conducts a warrantless civil immigration arrest in this District shall, as soon as practicable, document the facts and circumstances

surrounding the warrantless civil immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2): "that the alien was arrested without a warrant"; "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the alien's ties to the community, if known at the time of arrest, including family, home, or employment . . ."; and "the specific, particularized facts supporting the conclusion that the alien was likely to escape before a warrant could be obtained." The documentation shall include the date and time that the agent made the pre-arrest determination of probable cause, the date and time of the arrest, and the date and time the agent completed the documentation.

4. Any agent of Defendants shall not use boilerplate language when describing the individualized assessment of flight risk in the documentation ordered above.

5. Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, Defendants shall release to Plaintiffs' counsel the documentation describing Defendants' and their agents' warrantless civil immigration arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request.

**Enforcement**

6. If Plaintiffs have a reasonable basis to believe that the Defendants are in substantial noncompliance with one or more provisions of this Order, Plaintiffs shall notify Defendants in writing of the specific compliance issue(s). This notice shall identify, with particularity, the basis of the claim that Defendants are not in substantial compliance and the specific provision(s) of this Order that are implicated.

7. Within seven days of the Plaintiffs' response, the parties shall meet and confer. If the parties are unable to resolve the dispute within seven days of the meet and confer, the Plaintiffs may seek intervention from the Court by filing a motion for enforcement of the provision(s) identified through the aforementioned notice of substantial noncompliance and/or a motion for an order to show cause as to contempt.

8. In the event that the Court finds that one or more Defendant has not complied with a provision of this Order, the Court may order specific performance of the provision, issue an order to show cause as to whether Defendant(s) should be held in contempt, and/or issue any other relief or order the Court deems necessary to ensure compliance.

It is further **ORDERED** that this injunction shall be effective upon service on the Defendants, and a bond in the amount of $1 shall be required.

**SO ORDERED.**

Date: _____          _____
                                        BERYL A. HOWELL
                                        United States District Judge