UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 25-3417 (BAH)<br><br>Judge Beryl A. Howell |

## ORDER

Upon consideration of plaintiffs' Motion for Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification ("Pls.' Prelim. Inj. Mot."), ECF No. 17, and Motion for Class Certification, ECF No. 19, the memoranda and supplemental memoranda and declarations and exhibits attached thereto, in support and opposition, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby—

**ORDERED** that plaintiffs' Motion for Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification, ECF No. 17, is **GRANTED IN PART** and **DENIED IN PART** as to plaintiffs' request for a stay, pursuant to 5 U.S.C. § 705; it is further

**ORDERED** that the following class is provisionally certified:

**Unassessed Escape Risk Class**: All persons who, since August 11, 2025, have been or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses an escape risk.

it is further

**ORDERED** that plaintiffs' counsel from the Amica Center for Immigrant Rights, American Civil Liberties Union Foundation of the District of Columbia, American Civil Liberties

1

Union Foundation, National Immigration Project, Washington Lawyers' Committee for Civil Rights and Urban Affairs, and Covington & Burling, LLP, are hereby provisionally appointed as counsel for the provisionally certified plaintiff class; it is further

**ORDERED** that defendants and their agents are **PRELIMINARILY ENJOINED** from enforcing their policy or practice of making warrantless civil immigration arrests in the District of Columbia without a pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii), which statute and regulation also require the same individualized determination of probable cause that the person being arrested is in the United States in violation of law or regulation regulating the admission, exclusion, expulsion or removal of aliens; it is further

**ORDERED** that defendants shall, within 72 hours of the issuance of this order, transmit a copy of this Order to defendants' officers, employees, agents, and contractors who have responsibilities related to the subject matter of this Order; it is further

**ORDERED** that defendants comply with the following reporting requirements:

(1) Any defendant or their agent who conducts a warrantless civil immigration arrest in the District of Columbia shall, as soon as practicable, document the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to the Department of Homeland Security's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2) (available at:

https://www.ice.gov/doclib/legalNotice/220527castanonSettlement_attA.pdf [https://perma.cc/MDT7-9DJP]): "that the alien was arrested without a warrant"; "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the alien's ties to the community, if known at the time of arrest, including family, home, or employment"; and "the specific, particularized facts supporting the conclusion that the alien was likely to escape before a warrant could be obtained." The documentation shall include the date and time of the arrest, and the date and time the agent completed the documentation;

(2) In describing the individualized assessment of escape risk in the documentation ordered above, specific details as to the person being arrested must be provided such that the use of boilerplate language may be deemed indicative of noncompliance;

(3) Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, defendants shall release to plaintiffs' counsel the documentation describing defendants' and their agents' warrantless civil immigration arrests within this District, or if requested by plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request;  it is further

**ORDERED** that, in addition to complying with D.C. Local Civil Rule 7(m), the parties shall comply with the following procedures regarding any alleged violations of this Order:

(1) If plaintiffs have a reasonable basis to believe that the defendants are in substantial noncompliance with one or more provisions of this Order, plaintiffs shall notify defendants in writing of the specific alleged compliance issue, which notice shall

identify, with particularity, the basis of the claim that defendants are not in substantial compliance and the specific provisions of this Order that are implicated;

(2) Within seven days of plaintiffs' response, the parties shall meet and confer. If the parties are unable to resolve the dispute within seven days of the meet and confer, plaintiffs may seek intervention from the Court by filing a motion for enforcement of the provisions identified through the aforementioned notice of substantial noncompliance or a motion for an order to show cause why defendants should not be held in contempt; it is further

**ORDERED** that plaintiffs' Motion for Class Certification, ECF No. 19, is **DENIED** without prejudice; it is further

**ORDERED** that plaintiffs shall post a bond of $1.00.

This Order shall remain in effect until further order of the Court.

**SO ORDERED**.

Date: December 2, 2025

_____
**BERYL A. HOWELL**
United States District Judge