IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-3417 (BAH) |

**[PROPOSED] ORDER GRANTING MOTION
TO ENFORCE PRELIMINARY INJUNCTION**

Upon consideration of plaintiffs' Motion to Enforce Preliminary Injunction ("Motion"), any opposition and reply, and the entire record herein,

The Court hereby finds that plaintiffs have demonstrated that defendants have violated the Court's preliminary injunction by (1) continuing to enforce their policy or practice of making warrantless civil immigration arrests in the District of Columbia without a pre-arrest individualized determination by the arresting agent of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii); (2) failing to comply with the requirement that the documentation describing "the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form … shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained;" and (3) failing to

1

include the time of the arrest in the documentation. It therefore is

**ORDERED** that plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that the Court's previously issued preliminary injunction, issued on December 2, 2025, remains in full force and effect. Defendants shall ensure that their officers, employees, agents, and contractors immediately comply with that injunction. It is further

**ORDERED** that defendants shall, within 48 hours of the issuance of this Order, transmit a copy of this Order to defendants' officers, employees, agents, and contractors who have responsibilities related to the subject matter of this Order. It is further

**ORDERED** that defendants shall, within 7 days of the issuance of this Order, prepare written training materials ("Training Materials") based on this Court's Orders and Memoranda Opinions. These Training Materials shall include examples of the unlawful conduct addressed by the Court's December 2, 2025 Memorandum Opinion and Preliminary Injunction Order, and an explanation why that conduct was unlawful. These Training Materials shall also:

(1) Explain that the following:

(a) a person being "at large (not at their residence or place of business)";

(b) a person being "encountered in a vehicle" at the time of the arrest; and

(c) probable cause to believe that the person is in the United States unlawfully, including the allegation that the person "entered the United States after evading inspection" or "never applied for lawful status in the United States"

are not factors that, individually or combined, suffice to establish probable cause to believe that the person is likely to escape before a warrant can be obtained;

(2) Explain that agents cannot rely on a lack of knowledge or lack of verification of a person's ties to the community to establish probable cause that the person is likely to

escape before a warrant can be obtained, but instead can only rely on affirmative information about a lack of ties to the community. Thus, if agents do not know whether a person has family, a home, or employment in the community, or if agents fail to verify information provided about family, a home, or employment, the agent's lack of knowledge or verification of the individual's community ties cannot be a factor that contributes to or alone establishes probable cause. If the agent relies on affirmative information about a lack of ties to the community to establish probable cause, the agent must describe the inquiry or investigation the agent conducted prior to making the arrest and the results of that inquiry or investigation in the individualized documentation of the arrest. It is further

**ORDERED** that defendants shall, within 7 days of the issuance of this Order, serve the Training Materials on plaintiffs' counsel. It is further

**ORDERED** that within 7 days of service of the Training Materials on plaintiffs' counsel, counsel for both parties shall meet and confer, during which plaintiffs may raise any objections to the Training Materials. Within 3 days of the meet and confer, plaintiffs may file a letter brief with this Court containing any objections to the Training Materials not resolved through the meet-and-confer process. Defendants may file a responsive letter brief within 3 days of the objections. Plaintiffs may file a reply within 3 days of the response. It is further

**ORDERED** that within 14 days of either the meet and confer or the Court's resolution of any objections, whichever is later, defendants shall train all of their officers, employees, agents, and contractors who have responsibilities related to the subject matter of this Order, using the Training Materials. Defendants shall provide the schedule and location for all such trainings to plaintiffs' counsel at least 7 days in advance of each such training and take all necessary action to

facilitate plaintiffs' counsel's attendance at each training. Defendants shall require all persons receiving such training to sign an attendance sheet certifying their presence and shall preserve such sheets as official government records. Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, or within 7 days upon receiving a request from Plaintiffs' counsel, Defendants shall provide such sheets to Plaintiffs' counsel. Defendants shall also videorecord each such training and shall preserve such recordings. It is further

**ORDERED** that within 21 days of either the meet and confer or the Court's resolution of any objections, whichever is later, defendants shall file a status report attaching a declaration by one or more responsible officials certifying that each of defendants' officers, employees, agents, and contractors who have responsibilities related to the subject matter of this Order have received the specified training, and if any such person has not yet received the specified training, explaining why and stating when each such person will receive the specified training. It is further

**ORDERED** that defendants shall provide the specified training to all officers, employees, agents, and contractors who newly acquire responsibilities related to the subject matter of this Order within 14 days of such event. It is further

**ORDERED** that defendants shall comply with the following additional reporting requirements:

(1) Where agents rely in whole or in part on a person's alleged lack of ties to the community, including family, home, or employment, to obtain probable cause that the person is likely to escape before a warrant can be obtained, all documentation for such arrests, including but not limited to the Form I-213, shall contain specific details and facts regarding what inquiry or investigation was conducted—including the specific

questions asked, if any, and answers provided—regarding a person's family, home, employment, or any other aspects of their ties to the community prior to arresting that person, and the results of the inquiry or investigation;

(2) All documentation, including each Form I-213, shall state whether it was completed by the arresting agent, and if not, exactly how and when the agent who prepared the documentation received the information from the agent(s) who made the arrest;

(3) All documentation, including each Form I-213, shall identify the time of the arrest; and

(4) Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, defendants shall release to plaintiffs' counsel all body-worn camera footage or any other video footage of warrantless arrests within this District that occurred in the previous 30-day period that is in defendants' or their agents' possession, including on an agent's personal phone or other recording device.

This Order shall remain in effect until further order of the Court.

**SO ORDERED.**

Date: _____  _____
BERYL A. HOWELL
United States District Judge