UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE ESCOBAR-MOLINA, et al.,

Plaintiffs,

v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendants.

Civil Action No. 25-3417 (BAH)

## **DECLARATION**

1.    I, Erik S. Weiss, am employed with the U.S. Department of Homeland Security

(DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations

(ERO) as a Deputy Field Office Director (DFOD) for the Washington D.C. area of responsibility

(AOR), and I am presently the Acting Field Office Director (FOD). My duties as the Acting Field

Office Director include responsibilities for intake, detention, and removal operations and for

supervising Deputy Field Office Directors, Assistant Field Office Directors, as well as

responsibility for Supervisory Detention and Deportation Officers, and Deportation Officers in

the Washington, D.C. Field Office.

2.    As the Acting Field Office Director, I am in charge of immigration enforcement

and operations in the Washington D.C. area of responsibility on behalf of ICE ERO, including

the arrests of aliens within this area of responsibility. I am familiar with this lawsuit, and I read

the District Court's Order dated December 2, 2025. (ECF 67) Therein, the District Court ordered

Defendants to carry out the following:

> ORDERED that defendants comply with the following reporting requirements:
>
> (1) Any defendant or their agent who conducts a warrantless civil immigration arrest in the District of Columbia shall, as soon as practicable, document the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are required to be documented pursuant to the Department of Homeland Security's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2) (available at: https://www.ice.gov/doclib/legalNotice/220527castanonSettlement_attA.pdf [https://perma.cc/MDT7-9DJP]): "that the alien was arrested without a warrant"; "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the alien's ties to the community, if known at the time of arrest, including family, home, or employment"; and "the specific, particularized facts supporting the conclusion that the alien was likely to escape before a warrant could be obtained." The documentation shall include the date and time of the arrest, and the date and time the agent completed the documentation;
>
> (2) In describing the individualized assessment of escape risk in the documentation ordered above, specific details as to the person being arrested must be provided such that the use of boilerplate language may be deemed indicative of noncompliance;
>
> (3) Within 30 days of this Order and every 30 days thereafter until this litigation is terminated or the Court rules otherwise, defendants shall release to plaintiffs' counsel the documentation describing defendants' and their agents' warrantless civil immigration arrests within this District, or if requested by plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request; …

(ECF 67, pp. 2-3)

3.      On January 2, 2026, ICE produced the I-213 narratives to the warrantless arrests made in the Washington D.C. AOR. After the January 2, 2026, production, discussions were had to address the deficiencies in the I-213 narratives. On January 28, 2026, ICE ERO conducted a pull of the I-213 narratives for the production scheduled for February 2, 2026, of the warrantless arrests made in the Washington D.C. AOR. This pull resulted in 11 warrantless arrests for the month of January 2026. Three of the warrantless arrests lacked the requisite analysis for risk of

escape and a few others lacked the specific time of arrest. Although ICE ERO improved its completeness of I-213 narratives, the review indicated that going forward would require additional measures to ensure substantial compliance with the Court's Order.

4.      On January 28, 2026, ICE ERO implemented a plan moving forward for an Assistant Field Office Director to make a weekly pull of the warrantless arrests in the Washington D.C. AOR. This allows the review for completeness with the requirements set forth in the Court Order in each I-213 narrative, and if necessary, it makes available contemporaneous counseling with an officer who submitted a less than a complete I-213 narrative. In addition, the officer may amend the I-213 narrative to address the missing information, but the amendment must be made as soon as possible to the arrest and be clearly marked as such.

5.      Since January 28, 2026, and moving forward, due to the Washington D.C. area receiving significant snowfall, the first week of February resulted in no warrantless arrests. Further, the arrest pull on February 17, 2026, resulted in no warrantless arrests. There were three arrests in Washington D.C. which were planned and targeted enforcement actions with I-200 administrative warrants issued prior to the arrests.

6.      Moving forward, compliance with the Court Order for full and complete I-213 narratives should be increased, any officers not adhering to this Court's Order will be counseled, and ICE ERO will continue to address and correct any substandard reporting requirements.

February 26, 2026.

**ERIK S WEISS**
Digitally signed by ERIK S WEISS
Date: 2026.02.27 07:51:44 -05'00'

Erik S. Weiss
Acting Field Office Director
Immigration and Customs Enforcement
Enforcement and Removal Operations