UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ESCOBAR-MOLINA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 25-3417 (BAH) |

**STIPULATED PROTECTIVE ORDER**

This action will likely include the disclosure of information claimed by Defendants to be Federal Protected Information and Protected Material (as defined herein). To permit Defendants to produce to Plaintiffs information as required under the Court's preliminary injunction order, the administrative record, and any discovery without disclosing Federal Protected Information and Protected Material to the public, and to afford Defendants options to facilitate document productions while avoiding waivers of potential privileges, the parties agree and it is hereby:

ORDERED that, pursuant to the terms of this Protective Order, the United States is authorized to produce unclassified information otherwise protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*)[1]; the Trade Secrets Act (18 U.S.C. § 1905); the Defense Authorization Act for Fiscal Year 2000 (10 U.S.C. § 130b); and other non-disclosure statutes that protect from release

[1] Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Confidential Information or Confidential–Attorneys' Eyes Only Information.

personal privacy, trade secret, or cost and pricing data (collectively "Federal Protected Information") without obtaining prior written consent of the individuals or entities to whom such records pertain provided that such information is reasonably related to this litigation. Nothing in the Protective Order is intended to limit or preclude in any way the United States' rights to access and review documents containing Federal Protected Information;

ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

1. "Action" shall mean the case captioned, *José Escobar Molina, et al. v. Dep't of Homeland Security, et al.*, 25-3417 (D.D.C.), and any appeal therefrom.

2. "Protected Material" or "Confidential Information," as used herein, means information produced by Defendants to Plaintiffs pursuant to the Court's December 2, 2025 preliminary injunction order, the administrative record, and any discovery Plaintiffs may conduct, the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one or more of the following categories of information:

a. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

b. information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), or any other applicable federal or state law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, immigration, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

c. absent a waiver by the subject of the information, information pertaining to applications for asylum or withholding of removal, which are subject to disclosure

conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

d. any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

e. sensitive information about law enforcement or national security staffing, resources, intelligence, and/or methods, as well as confidential government personnel information, including identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non-public-facing supervisory and non-supervisory federal and non-federal employees and contractors involved in enforcement operations or custodial functions where disclosure of such information to the public may adversely impact identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concerns;

f. the names, addresses, dates of birth, alien registration numbers ("A numbers"), citizenship status, country of birth, passport numbers, driver's license numbers,

phone numbers, email addresses, information related to any pending application for immigration relief or related appeals, and any other personally identifiable information of individual Plaintiffs, putative or certified class members, or their family. Family, as used in this subparagraph, shall mean (1) immediate family; (2) extended family; (3) court-appointed legal guardian or a person for whom the person is a court-appointed legal guardian; or (4) domestic partner or the domestic partner's immediate or extended family.

3. "Confidential-Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in this action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Paragraph 19 below but not identified in Paragraph 20 below would create a substantial risk of harm that could not be avoided by any less restrictive means.

4. The designation of Protected Material may be made by the producing party or third-party by placing or affixing prominently on produced documents the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" indicating the proprietary, sensitive, or confidential nature of the documents. Any party or third-party may also designate as Protected Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it. Stamping the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the cover of any multi-page document will designate all pages of the document as Protected Material unless otherwise indicated by the Producing Party or third-party. Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Material or by affixing a label on the tape or disk consistent with the above or by embedding a

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy or summary, or paraphrasing, or characterizing in a way that would undermine the purpose of designation would be considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" shall mean all information produced by Defendants to Plaintiffs pursuant to the Court's December 2, 2025 preliminary injunction order, in any administrative record, or any discovery Plaintiffs may conduct.

7. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

8. "Designating Party" shall mean the party or other person producing any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

9. "Producing Party" shall mean the Defendants in the Action.

10. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information or Confidential–Attorneys' Eyes Only Information.

11. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Material, or any electronic image or database containing Protected Material, will be subject to the terms of this Order to the same extent as the material or

information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

12. Documents produced by Defendants prior to the entry of this Protective Order and designated by the producing party as containing Protected Material will also be subject to the terms of this Protective Order. Any such designation must be made within thirty days of the entry of this Protective Order by written notice by the designating party or third-party to the other parties of the specific materials so designated. All materials produced by the parties and third parties in this case prior to the entry of this Protective Order marked with a legend other than "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" but that indicates the proprietary, sensitive, or confidential nature of the information shall also be treated as Protected Material under this Order without any need for further designation or reproduction. The Receiving Party of such materials produced by Defendants prior to the entry of this Protective Order and designated by the producing party as containing Protected Material or that are marked with a legend other than "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be required to return or take any other step or action with respect to such materials,

13. Counsel for any Party who desires to offer or use Protected Material at a deposition, conference, or hearing to be held in open court shall first meet and confer in good faith with the Producing Party to discuss procedures for such hearing. If the Parties are unable to resolve a dispute related to such Protected Material without Court intervention, the Party that seeks to use or introduce the Protected Information shall request an appropriate order from the Court. The Designating Party maintains the burden of demonstrating that any limitation to the use of Protected Information it proposes is appropriate.

14. All counsel of record receiving copies of documents or any other material or information designated as Protected Material must maintain such Protected Material in their possession in a manner sufficient to protect such material against unauthorized disclosure. This Order applies to all vendors, including without limitation, any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all its vendors comply with this Order.

15. Protected Material will be used solely for the purpose of conducting litigation in this action, including settlement and appeals, and not for any business or other purpose whatsoever by any person having access to such material, except as set forth below. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b. Current employees of the parties (including agency, organizational, or government counsel) assisting with respect to this Action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

c. Any person with prior authorized access to the Confidential Information;

d. Current employees of the Producing Party;

e. Plaintiffs and any putative or certified class member to the extent he or she is referenced in the Document, including with the class member's counsel for use in the class member's immigration proceeding;

f. Witnesses, potential witnesses, and deponents, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

g. Employees or contractors affiliated with photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

h. Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

i. Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

j. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

k. Court reporters, videographers, interpreters, and their staff; and

l. Any other person agreed to by the parties.

16. Confidential–Attorneys' Eyes Only Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Counsel of record (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b. Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

c. Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

d. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

e. Court reporters, videographers, interpreters, and their staff; and

f. Any other person agreed to by the parties.

17. Persons receiving Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

18. Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any

matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Protected Material consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction.

19. Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and must (provided that there are no objections interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the party designating the documents as Protected Material of the Congressional entity's request and the United States' response thereto.

20. Subject to order of the Court, only that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Protected Material shall be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

21. Counsel will endeavor to avoid revealing Protected Material in any oral hearings before the Court, except for trial. If any counsel finds it necessary to refer to Protected Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and

appropriate to prevent disclosure of Protected Material as a consequence of such oral hearings to persons other than those authorized by this Order.

22. Further, in the event that any Protected Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Material in Court proceedings. If necessary, any dispute regarding the procedures for use of Protected Material in Court proceedings will be submitted to the Court for resolution.

23. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

24. Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Protected Material. Such objection must be made in writing and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production. Within fourteen days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. With respect to documents produced pursuant to the Court's preliminary injunction order, such as Form I-213s, the party wishing to file redacted copies of those documents on the Court's public docket shall propose redactions to the other party, and the other party shall respond within seven days with any objections or identification of any Confidential Information that remains unredacted in such material. If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that

the designation is improper. On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

25. Within ninety days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated under this Protective Order or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

a. For material that contains or reflects Confidential Information or Confidential–Attorneys' Eyes Only Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties

shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order.

b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information or Confidential–Attorneys' Eyes Only Information. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Confidential–Attorneys' Eyes Only Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. In particular, attorneys for the United States may maintain copies of any documents designated Protected Material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, *et. seq.*, and 5 U.S.C. § 552 *et. seq.*

26. In the event of a disclosure by a party of Protected Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party must also take all reasonable measures

promptly to ensure that no further or greater unauthorized disclosure of the Protected Material is made by anyone.

27. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information in accordance with this Protective Order, has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

a. Promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Confidential–Attorneys' Eyes Only Information subject to this Protective Order;

b. Promptly make all reasonable efforts to obtain the return of the Confidential Information or Confidential–Attorneys' Eyes Only Information and to prevent further unauthorized disclosures of the Confidential Information or Confidential–Attorneys' Eyes Only Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order and execute a declaration in the form attached as "Exhibit A"; and

c. Within (5) calendar days of learning of the disclosure, notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information or Confidential–Attorneys' Eyes Only Information that was the subject of the unauthorized disclosure.

28. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

29. Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise. Nothing contained herein restricts the parties' and class members' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

30. Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

31. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial. Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

SO ORDERED:

Date: August 19, 2026

Beryl A. Howell

BERYL A. HOWELL
United States District Judge