**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSÉ ESCOBAR MOLINA, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-3417 (BAH) |

**PLAINTIFFS' MOTION TO EXTEND THE DISCOVERY SCHEDULE AND TO SET CERTAIN DEADLINES**

Pursuant to this Court's Standing Order § 8, ECF No. 21, Plaintiffs respectfully move to modify the Court's discovery schedule, *see* Minute Order (May 19, 2026) (adopting ECF No. 103), to (1) extend the close of fact discovery from December 4, 2026, to February 5, 2027,[1] and (2) set deadlines of October 23, 2026, for Defendants to substantially complete their document production, and October 30, 2026, for Defendants to serve privilege logs. The parties met and conferred pursuant to Local Civ. R. 7(m) on the relief sought by this motion. Although Defendants did not provide their position on this motion, they indicated they would be amenable to an extension of the discovery period but would not consent to any discovery schedule that sets any production deadlines in October.

[1] Because the Court has not set a schedule for summary judgment briefing, *see* Min. Ord. (Jan. 26, 2026), the extension would, absent further order, correspondingly move the default deadline for summary judgment motions under Federal Rule of Civil Procedure 56(b).

Plaintiffs seek this extension because the current schedule cannot reasonably be met despite Plaintiffs' diligent pursuit of discovery. The current pace of productions and responses from Defendants is not consistent with the Court's direction that discovery proceed toward "expeditious completion," ECF No. 101 ("Order") at 2; *see also* ECF No. 102 ("Mem. Op.") at 45, and the records produced to date are not sufficient to allow Plaintiffs to identify witnesses and prepare for the five depositions the Court authorized. The parties agree that the deadline for the close of fact discovery should be extended. The sole disputed question is whether the extended schedule will include dates by which Defendants must reach substantial completion of their productions and serve their privilege log(s). Plaintiffs respectfully submit that without those dates, the new schedule is likely to fail for the same reasons the current one has.

Precedent from cases adjudicating requests to modify Rule 16 scheduling orders illustrates why Plaintiffs' requests should be granted. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* LCvR 16.4 (courts may modify scheduling order "at any time upon a showing of good cause"). Good cause exists where the schedule "cannot reasonably be met" despite the diligence of the party seeking the extension. *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (citation and internal quotation marks omitted). "The primary consideration . . . is whether the party seeking the amendment was diligent in obtaining the discovery sought during the discovery period," and prejudice to the opposing party is "an additional, yet secondary, consideration." *In re Domestic Airline Travel Antitrust Litig.*, 2018 WL 4441507, at *2 (D.D.C. Sept. 13, 2018) (citation omitted). A party shows diligence where it assisted the court in developing a workable schedule, cannot comply despite its diligence "because of matters which could not have been reasonably foreseen or anticipated," and promptly sought modification once the need became apparent. *Dag Enters.,*

*Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005) (citations omitted).

Plaintiffs have been diligent in attempting to obtain discovery under the current schedule. There is no prejudice to Defendants by being ordered to substantially complete their productions in response to Plaintiffs' first set of discovery requests and produce privilege logs by late October, especially given that Plaintiffs' requests were served in early June. Nor will the case schedule be significantly impacted by the 60-day extension and the deadlines Plaintiffs seek the Court to set, as there is no trial date.

## I. Plaintiffs Have Diligently Pursued Discovery.

### A. Notwithstanding Numerous Requests by Plaintiffs, the Parties' Meet and Confer Took Place Nearly Three Months After Serving Discovery.

On May 7, 2026, the Court granted Plaintiffs' Motion for Extra-Record Discovery, authorizing Plaintiffs to serve requests for production and admission and up to ten interrogatories, to take up to five depositions, and directing the parties to propose "a scheduling order for the expeditious completion of this discovery." Order at 2. The parties jointly proposed, and the Court adopted, a schedule opening discovery on June 8, 2026, beginning depositions on October 8, 2026, and closing discovery on December 4, 2026. ECF No. 103; Minute Order (May 19, 2026).

Plaintiffs served 50 Requests for Production ("RFPs") and 14 Requests for Admission ("RFAs") on June 10, 2026, two days after discovery opened. On July 8, Defendants requested a one-week extension of their deadline to respond; Plaintiffs consented. On July 17, Defendants requested a further extension to July 22. Plaintiffs agreed on the condition that Defendants agree, at the appropriate time, to an extension of the close of discovery commensurate with the cumulative extension of Defendants' response deadline to Plaintiffs' first set of discovery requests, and Defendants accepted that condition the same day.

Defendants served their first responses and objections ("R&Os") on July 22, asserting sweeping privilege objections, including the law enforcement privilege, deliberative process privilege, and presidential communications privilege. Defendants also stated that responsive documents would be produced on a rolling basis over the next month.

On August 4, Plaintiffs asked Defendants for a projected timeline for the productions to which they had committed, noting the October 8 deposition start date, and requested a meet and confer. On August 7, Defendants responded that they had followed up with their clients and that lead counsel was unavailable until August 17. Plaintiffs sent six emails seeking to schedule a meet and confer between August 7 and August 24. Defendants did not make their first production until August 31, including therein the unredacted administrative record and a single binder of U.S. Immigration and Customs Enforcement ("ICE") training materials purportedly responsive to only one RFP, which had information redacted without explanation and with no privilege log.

The parties met and conferred on September 1. Defendants represented that ICE and U.S. Customs and Border Protection ("CBP") would make rolling productions throughout September but that production would not be complete by the end of that month. Defendants agreed to conduct a reasonable search for documents responsive to all RFPs, including those to which they had objected on privilege grounds, and to log any responsive documents withheld as privileged. The parties also discussed Defendants' objections to specific RFPs. Plaintiffs proposed narrowing several requests, and Defendants agreed to take those proposals to the agencies and serve amended R&Os. On September 4, Plaintiffs memorialized the meet and confer in writing and asked that, by September 11, Defendants (1) respond on the narrowed RFPs and clarification issues; (2) serve R&Os on behalf of the U.S. Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA"); and (3) provide a date certain for substantial completion of document

productions and the privilege log. Defendants' September 9 response did not acknowledge Plaintiffs' request for a substantial completion date. Instead, Defendants asked for a further extension, until October 13, for DOJ and DEA to respond to Plaintiffs' first set of requests for production and admission. On September 10, CBP produced three documents, including screenshots of agents' WhatsApp messages in which agents' names and telephone numbers were redacted, again without explanation or a privilege log. Defendants served amended R&Os on behalf of all Defendants on September 18 (mooting their September 9 request to respond on behalf of DOJ and DEA by October 13), and ICE produced an additional three documents on September 24.

As of October 3, Defendants' productions were purportedly responsive (and concededly only partially responsive) to only 13 of 50 RFPs.

**B. Plaintiffs Have Sought to Negotiate an Amended Discovery Schedule.**

On September 11, Plaintiffs proposed an amended schedule to require substantial completion of document production by October 16, privilege logs by October 23, the start of depositions on December 4, and the close of discovery on February 5, 2027. On September 15, Defendants stated that they were unopposed to an extension of the discovery scheduling order but were hesitant to agree to a deadline for when DHS would substantially produce all documents. On September 25, Plaintiffs requested again that Defendants serve a privilege log for the redacted documents produced to date. Defendants demurred, stating that they were focused on gathering documents and asked Plaintiffs to identify witnesses for upcoming depositions. Plaintiffs explained that Defendants' limited document production to date meant they could not identify deponents at this time. After additional emails in which Defendants still did not respond to Plaintiffs' scheduling proposal, on October 8, Plaintiffs notified Defendants that they intended to

move to extend the discovery schedule and to set certain deadlines, and asked for Defendants' position on the motion. On October 8, Defendants' counsel asked for another five days to respond. On October 13, Defendants asked whether Plaintiffs would consent to a clean extension of the close of fact discovery deadline to February 5, without providing a response as to a substantial completion date. To inform consideration of this request, Plaintiffs responded by asking if Defendants could share, by end of day on October 14, whether Defendants were willing to commit to any substantial completion deadline, and, if so, what date that would be. As of October 19, Defendants have not provided a position on the relief sought by this motion other than to state that they would not be able to meet an October 23 deadline for substantial completion of their production, and that some production materials cannot be produced until February.

## II. Good Cause Supports Plaintiffs' Requested Modifications to the Discovery Schedule.

The deadlines for discovery "cannot reasonably be met despite [Plaintiffs'] diligence," *Capitol Sprinkler*, 630 F.3d at 226 (citation and internal quotation marks omitted), as detailed *supra* Part I. Plaintiffs have not sought an extension of the discovery schedule previously. No trial date is set, Defendants do not oppose the extension, and Plaintiffs seek only time to complete the discovery the Court authorized to fill gaps in a bare administrative record. Mem. Op. at 40–41. The proposed extension to February 5, 2027, is tailored to a reasonable period of time needed for Defendants to complete production and for Plaintiffs to review it, compel any discovery as may be appropriate, and take five depositions.

**Substantial Completion Deadline.** In light of Defendants' significant, sustained, and unjustified delays to date, Plaintiffs respectfully request this Court impose a substantial completion deadline for Defendants' productions and service of privilege logs. The Court has "considerable discretion in handling discovery matters," *Food Lion, Inc. v. United Food & Com. Workers Int'l*

*Union*, *AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997), including authority to set the timing of document production in a scheduling order, *see* Fed. R. Civ. P. 16(b)(3)(A)–(B), and to require production by a certain date, *see, e.g.*, *Brown v. D.C.*, 2020 WL 6445881, at *4 (D.D.C. Nov. 3, 2020) (requiring the District to "produce all documents requested by plaintiffs" within two weeks). Substantial completion deadlines are common features of scheduling orders in this District. *See, e.g., Phillips v. D.C.,* 2023 WL 5607449, at *2 (D.D.C. Aug. 30, 2023) (scheduling order included deadline for "substantial completion of document production"); Minute Order, *Davis v. Giant of Md., LLC*, No. 25-cv-2282 (AHA) (D.D.C. Sept. 16, 2025) (setting a deadline for substantial completion of document production).

Without a deadline for substantial completion, any extended schedule will be vulnerable to the same delays that have affected discovery from the outset, undermining Plaintiffs' ability to complete discovery inside the discovery period, including the five depositions the Court authorized. *See Domestic Airline*, 2018 WL 4441507, at *7 (crediting plaintiffs' showing that denying more time would "harm their ability to pursue their case in an informed manner, particularly regarding depositions"). Defendants have offered no explanation that justifies the significant delays to date, including delays past deadlines Defendants themselves committed to meet. Defendants' resistance to committing to a deadline to substantially complete their productions, offering only to revisit the issue closer to the close of the discovery deadline underscores why a court-ordered deadline is appropriate here. *See Royer v. Fed. Bureau of Prisons*, No. 10-cv-1196 (RCL), ECF No. 106, at 1 (D.D.C. Jan. 15, 2014) (describing defendant's "arrogating to itself when it would respond to outstanding discovery" as an "egregious" error).

Nor would a substantial completion deadline impose any undue burden on Defendants. The October 23 date extends the substantial completion deadline in Plaintiffs' September 11

proposed schedule by an additional week as a courtesy, and is approximately two months after the deadline by which Defendants promised to complete their rolling productions. *See Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30–31 (D.D.C. 2009) (rejecting government's burden argument where it offered "no specific facts showing how responding to plaintiff's production requests would be unduly burdensome," and requiring a response to a "large number of requests" within thirty days). By contrast, absent a firm deadline, Plaintiffs may be forced to take their limited depositions, and possibly to proceed to summary judgment, without an adequate documentary record. It would further frustrate the purpose of the extra-record discovery the Court ordered: "to ascertain the contours" of the challenged policy. Mem. Op. at 41 (quoting *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)).

**Privilege Log Deadline.** A deadline to produce an adequate privilege log for every withholding Defendants assert is equally critical. In their R&Os, Defendants asserted broad privilege objections, including the attorney-client privilege, the work-product doctrine, and government privileges such as the law enforcement and deliberative process privileges. A party withholding otherwise discoverable information must "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). The government's executive privileges require more: for example, for law enforcement and deliberative process privileges, the D.C. Circuit has required "(1) a formal claim of privilege by the 'head of the department' having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000). Even then, such privileges are "not

absolute but qualified." *Cobell v. Norton*, 213 F.R.D. 1, 5 (D.D.C. 2003) (opining on deliberative process privilege); *see also A.N.S.W.E.R. Coal. v. Jewell*, 292 F.R.D. 44, 50 (D.D.C. 2013) (the "federal law enforcement privilege is a qualified privilege").

Several of the documents Defendants have produced contain redactions, including what seem to be government employee names. Plaintiffs cannot understand the basis for these redactions without a log. Nor can Plaintiffs evaluate Defendants' assertions, raise any disputes with the Court in an orderly way, *see* Standing Order ¶ 9, or prepare for the five depositions the Court authorized.

Despite Plaintiffs' repeated requests, Defendants have not committed to a date by which they would serve their privilege logs. At the September 1 meet and confer, Defendants acknowledged their obligation to log any responsive documents withheld as privileged, yet no log has been served to set forth the basis of the redactions in Defendants' productions to date. Supplemental productions will be of limited utility if they continue to contain unexplained redactions without a corresponding log to allow Plaintiffs to assess Defendants' sweeping, nonspecific privilege assertions. Courts in this District have ordered production together with a "detailed privilege log" by a certain date. *See, e.g.*, *Brown v. D.C.*, 2021 WL 1439741, at *6 (D.D.C. Apr. 16, 2021). An October 30 deadline is reasonable because Defendants will have substantially completed their production by October 23. The deadline also allows adequate time to litigate, as may be necessary, Plaintiffs' challenges to Defendants' sweeping privilege assertions and receive any amended or supplemental productions in advance of depositions and the close of discovery under the contemplated extension.

For the foregoing reasons, Plaintiffs respectfully request that the Court modify the discovery scheduling order to extend the close of fact discovery to February 5, 2027, and order

Defendants to substantially complete their document production by October 23, 2026, and to serve privilege logs for all documents reviewed and withheld as of that date by October 30, 2026. A proposed order is attached.

October 19, 2026

Respectfully submitted,


*s/ Adina Appelbaum*
Adina Appelbaum (D.C. Bar No. 1026331)
Ian Austin Rose (Md. Bar No. 2112140043)
Samantha Hsieh (Va. Bar No. 90800)*
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
austin.rose@amicacenter.org
sam@amicacenter.org

*s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Scott Michelman (D.C. Bar No. 1006945)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA**
529 14th Street NW, Suite 420
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
smichelman@acludc.org

Kathryn Huddleston (Tex. Bar No. 24121679)**++
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500
khuddleston@aclu.org

*s/ Sirine Shebaya*
Sirine Shebaya (D.C. Bar No. 1019748)
Yulie Landan (Cal. Bar No. 348958)*+
Bridget Pranzatelli (D.C. Bar No. 90029726)
**NATIONAL IMMIGRATION PROJECT**
1763 Columbia Road NW, Suite 175
Washington, D.C. 20009
(213) 430-5521
sirine@nipnlg.org
yulie@nipnlg.org
bridget@nipnlg.org

*s/ Jehan A. Patterson*
Jehan A. Patterson (D.C. Bar No. 1012119)
Alexandra Widas (D.C. Bar No. 1645372)
Hassan Ahmad (D.C. Bar No. 1030682)
Sean Berman (D.C. Bar No. 90026899)
Austin Riddick (D.C. Bar No. 90018117)
Marcus Ransom (D.C. Bar No. 90039599)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
jpatterson@cov.com
awidas@cov.com
hahmad@cov.com
sberman@cov.com
ariddick@cov.com
mransom@cov.com

Eva H. Lilienfeld (N.Y. Bar No. 6143085)*
Graham Glusman (N.Y. Bar No. 6099535)*
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001
(212) 841-1000
elilienfeld@cov.com
gglusman@cov.com

*s/ Madeleine Gates*
Madeleine Gates (D.C. Bar No. 90024645)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
700 14th Street NW, #400
Washington, D.C. 20005
(202) 319-1000
madeleine_gates@washlaw.org

*s/ Ama Frimpong*
Ama Frimpong (D.C. Bar No. 1602444)*
Shana Khader (D.C. Bar No. 90011926)
**CASA, INC.**
8151 15th Avenue
Hyattsville, MD 20783
(240) 485-8844

afrimpong@wearecasa.org
skhader@wearecasa.org
*Attorneys for Plaintiffs*

* *Admitted* pro hac vice.
** *Motion for Admission* pro hac vice *forthcoming.*

+ *Not Admitted in D.C.; working remotely from N.Y. and admitted in Cal. only*
++ *Not Admitted in D.C.; working remotely under supervision of D.C. Bar member, practice limited to federal courts in D.C., and admitted in Ariz. and Tex. only.*